```
HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
CHRISTOPHER S. WALTERS, SBN 267262
cwalters@hansonbridgett.com
JANIE LIN THOMPSON, SBN 291622
jthompson@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Plaintiff
ADELLA VINEYARDS, LLC
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ADELLA VINEYARDS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOMAINE DELLA DALE LLC, a California limited liability company; DAVID W. HEJL, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW, TRADEMARK INFRINGEMENT UNDER STATE LAW, AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AT COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adella Vineyards, LLC ("Plaintiff") brings this action against Domaine Della Dale LLC and David W. Hejl (individually and collectively, "Defendants"), for trademark infringement and false designation of origin under federal law, trademark infringement under state law, and trademark infringement and unfair competition at common law, seeking, among other things, damages, injunctive relief, and cancellation of a federal trademark registration.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action under Title 28 of the United States Code, Sections 1331 (federal question) and 1338(a) (Acts of Congress relating to trademarks) and Title 15 of the United States Code,

-1-
COMPLAINT FOR TRADEMARK INFRINGEMENT ET AL

Sections 1121 *et. seq.* (Lanham Act). Among other things, the claims in this action relate to questions regarding federal trademark law and a federal trademark registration. Additionally, this Court has jurisdiction over Plaintiff's state-law and common-law claims under Title 28 of the United States Code, Section 1338(b) (unfair competition joined with a substantial and related claim under trademark law) and Section 1367(a) (supplemental jurisdiction).

2. Venue is proper in this District under Title 28 of the United States Code, Section 1391(a)(2) and (b)(2). Namely, and among other things, a substantial part of the events or omissions giving rise to the claims in this action occurred and continue to occur in this judicial district; and a substantial part of the harm alleged herein was directed to and felt by Plaintiff within this District.

## INTRADISTRICT ASSIGNMENT

3. Intradistrict assignment of this intellectual property action (trademark) is proper on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## PARTIES

4. Plaintiff Adella Vineyards, LLC is a limited liability company organized and existing under the laws of the State of California, with offices at 6552 Red Winery Road, Geyserville, California 95441, in Sonoma County, California.

5. Defendant Domaine Della Dale LLC is a limited liability company organized and existing under the laws of the State of California, with offices at 4757 Woodview Drive, Santa Rosa, California 95405, in Sonoma County, California.

6. On information and belief, Defendant David W. Hejl is an individual residing in the State of California, who lives and works in Sonoma County, California. On information and belief, Hejl is the Managing Member of Domaine Della Dale LLC, as well as its "Proprietor and Winemaker," and as such, exercised ownership and active and conscious control over Domaine Della Dale LLC regarding all matters alleged herein. Accordingly, on information and belief, Hejl is directly liable for the activities complained of herein; and he is also contributorily and vicariously liable for Domaine Della Dale LLC's

activities complained of herein.

7. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Each of the Defendants, including DOES 1 through 10, inclusive, is in some manner responsible, in whole or in part, for the matters alleged herein; and Plaintiff's injuries as alleged in this action were proximately caused by their conduct.

## GENERAL ALLEGATIONS

8. Plaintiff Adella Vineyards offers and sells wine under the mark ADELLA and has been doing so starting at least as early as early as June 2009. Its vineyards are located in Sonoma County, California. The labels on Adella's wine bottles show the name ADELLA prominently as the name and brand of the wine. Adella Vineyards named itself and its wine after one of its proprietors, whose first name is Della, with ADELLA intended as the Italian version of DELLA.

9. Adella Vineyards owns the California state registration for the mark ADELLA in connection with "wine," Registration No. 113846, which registration first issued on August 12, 2009. This registration is in full force and effect (and has been throughout all times mentioned herein).

10. Defendant Domaine Della Dale LLC offers and sells wine under the mark DELLA. Domaine Della Dale first filed a fictitious business name statement to do business under the name DELLA WINES in 2014 and first began using the mark DELLA for wine no earlier than 2014. Domaine Della Dale is located in Sonoma County, California; and on information and belief, its winery or the grapes from which its wine is produced are located in Sonoma County, California. The labels on Domaine Della Dale's wine bottles do *not* use the name DOMAINE DELLA DALE; rather, they show the name DELLA by itself as the name and brand of the wine. The labels also say "Sonoma Coast," presumably to indicate the geographic origin of the grapes underlying the wine.

11. Domaine Della Dale filed an application for federal registration of the mark DELLA for "wine." In that application, Domaine Della Dale and Hejl swore under penalty of law that "no other person, firm, corporation, or association has the right to use the mark [DELLA] in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." By this application, Domaine Della Dale and Hejl sought nationwide exclusive rights to use DELLA (or any confusingly similar name) in connection with wine.

12. On or about October 30, 2014, Adella Vineyards, through its counsel, sent a letter to Domaine Della Dale advising of Adella Vineyards' prior use and rights in the mark ADELLA and Adella Vineyards' registration of the mark ADELLA; the letter also noted the close similarity of DELLA to ADELLA, the goods under the marks being the same, and the companies operating in the same geographic region. Despite this notice, on information and belief, Domaine Della Dale continued offering and selling wine under the mark DELLA. Furthermore, on or about November 3, 2014, Domaine Della Dale and Hejl filed a statement of use of the mark DELLA in connection with wine to support Domaine Della Dales' application to register the mark—and swore again under penalty of law that "no other person has the right to use the mark [DELLA] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive." On or about January 6, 2015, the Domaine Della Dale's application attained registration, Registration No. 4668250.

13. The marks ADELLA and DELLA are nearly identical, visually and phonetically, with only the one-letter difference. Likewise, the commercial impressions of the two marks are nearly identical, with ADELLA being an Italian version of DELLA and with many published sources indicating that the two are closely-related names or variations of the same name or that one name is the abbreviation of the other. In turn, the goods being offered and sold by Plaintiff and Defendants under ADELLA and DELLA are

identical—wine—and among other things, both Plaintiff on the one hand and Defendants on the other hand focus specifically on red wine.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement and False Designation of Origin

### under Federal Law (15 U.S.C. § 1125(a))

14. Plaintiff restates and re-avers the allegations of Paragraphs 1 through 13, inclusive, as if set forth here in full as part of this claim for relief.

15. The above-described use by Defendants (and each of them) of the mark DELLA in connection with wine constitutes trademark infringement and false designation of origin, under Title 15 of the United States Code, Section 1125(a), as to the goods that Defendants (and each of them) offer or sell in interstate commerce. Among other things, Defendants' use of the mark DELLA is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' wine with Plaintiff's wine.

16. As a result, Plaintiff has been damaged, and unless Defendants (and each of them) are enjoined, will continue to be irreparably damaged.

17. Defendants (and each of them) committed the above-described acts willfully, and under the circumstances of this case, the Court should award a multiplier of damages of up to three times under Title 15 of the United States Code, Section 35. This is also an exceptional case under that Section 35, thereby entitling Plaintiff to its attorneys' fees.

18. Furthermore, Defendant Domaine Della Dale LLC is not entitled to its aforementioned federal registration of the mark DELLA; and Plaintiff further requests Domaine Della Dale's aforementioned federal registration be canceled, under Title 15 of the United States Code, Section 1119.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement under State Law

### (California Business and Professions Code § 14245)

19. Plaintiff restates and re-avers the allegations of Paragraphs 1 through 18,

1  inclusive, as if set forth here in full as part of this claim for relief.

2      20.    The above-described use by Defendants (and each of them) of the mark
3  DELLA in connection with wine constitutes trademark infringement under California
4  Business and Professions Code Section 14245. Among other things, Defendants' use of
5  the mark DELLA is likely to cause confusion, mistake, or deception as to the affiliation,
6  connection, or association of Defendants' wine with Plaintiff's wine.

7      21.    As a result, Plaintiff has been damaged, and unless Defendants (and each
8  of them) are enjoined, will continue to be irreparably damaged.

9      22.    In doing the things described here, Defendants (and each of them) acted
10 with malice, oppression, and fraud, as defined in Civil Code section 3294(c), and willfully
11 and with the intent to cause injury to Plaintiff. Defendants (and each of them) are
12 therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of
13 Plaintiff, thereby warranting an assessment of punitive damages in an amount
14 appropriate to punish Defendants (and each of them) and deter others from engaging in
15 similar conduct.

16     23.    Furthermore, Defendant Domaine Della Dale LLC is not entitled to its
17 aforementioned federal registration of the mark DELLA; and Plaintiff further requests
18 Domaine Della Dale's aforementioned federal registration be canceled, under Title 15 of
19 the United States Code, Section 1119.

## THIRD CLAIM FOR RELIEF

**Trademark Infringement and Unfair Competition**

**at Common Law**

23     24.    Plaintiff restates and re-avers the allegations of Paragraphs 1 through 23,
24 inclusive, as if set forth here in full as part of this claim for relief.

25     25.    The above-described use by Defendants (and each of them) of the mark
26 DELLA in connection with wine constitutes trademark infringement  at common law.
27 Among other things, Defendants' use of the mark DELLA is likely to cause confusion,
28 mistake, or deception as to the affiliation, connection, or association of Defendants' wine

1  with Plaintiff's wine.

2  26. The above-described use by Defendants (and each of them) of the mark
3  DELLA in connection with wine permits Defendants to misappropriate and unfairly trade
4  upon the valuable goodwill and reputation of Plaintiff Adella Vineyards and will subject
5  the goodwill and reputation in Plaintiff's ADELLA mark to the hazards and perils attendant
6  upon the business activities of Defendants (and each of them), activities over which
7  Plaintiff has no control.

8  27. As a result, Plaintiff has been damaged, and unless Defendants (and each
9  of them) are enjoined, will continue to be irreparably damaged.

10  28. In doing the things described here, Defendants (and each of them) acted
11  with malice, oppression, and fraud, as defined in Civil Code section 3294(c), and willfully
12  and with the intent to cause injury to Plaintiff. Defendants (and each of them) are
13  therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of
14  Plaintiff, thereby warranting an assessment of punitive damages in an amount
15  appropriate to punish Defendants (and each of them) and deter others from engaging in
16  similar conduct.

17  29. Furthermore, Defendant Domaine Della Dale LLC is not entitled to its
18  aforementioned federal registration of the mark DELLA; and Plaintiff further requests
19  Domaine Della Dale's aforementioned federal registration be canceled, under Title 15 of
20  the United States Code, Section 1119.

## **PRAYER FOR RELIEF**

Plaintiff Adella Vineyards, LLC prays for judgment against Defendants Domaine Della Dale, LLC and David W. Hejl (collectively, "Defendants") as follows:

1. For damages against Defendants (and each of them), including without limitation in the amount of their profits and compensatory damages for the injuries sustained by Plaintiff, directly or indirectly, in consequence of the acts and omissions described herein, according to proof at trial;

2. For an order that Defendants (and each of them) be permanently enjoined

and restrained from directly or indirectly:

    a.    Using any mark comprised of including the term DELLA or ADELLA (or any visual, phonetic, or foreign-language equivalent of DELLA or ADELLA) in connection with wine or any wine-related products or services;

    b.    Using any trade practices, including without limitation those complained of herein, which tend to unfairly compete with or injure Plaintiff, its business, and the goodwill pertaining thereto; or

    c.    Applying to register, maintaining an application for registration, registering, or maintaining a registration for any mark comprised of or including the term DELLA (or any visual, phonetic, or foreign-language equivalent of DELLA or ADELLA) in connection with wine or any wine-related products or services.

3. For an order canceling Defendant Della Domaine Dale's federal trademark registration, Registration No. 4668250;

4. For treble damages under 15 U.S.C. § 1117(b) and for exemplary or punitive damages as may be allowed by law;

5. For its costs and attorneys' fees as may be allowed by law; and

6. For such other and further relief as the Court may deem just and proper.

DATED: February 5, 2015                  HANSON BRIDGETT LLP


By:      */s/ Garner K. Weng*
        GARNER K. WENG
        CHRISTOPHER S. WALTERS
        JANIE LIN THOMPSON
        Attorneys for Plaintiff
        ADELLA VINEYARDS, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Adella Vineyards, LLC hereby demands a trial by jury of all claims so triable.

DATED: February 5, 2015         HANSON BRIDGETT LLP


By:     */s/ Garner K. Weng*
          GARNER K. WENG
          CHRISTOPHER S. WALTERS
          JANIE LIN THOMPSON
          Attorneys for Plaintiff
          ADELLA VINEYARDS, LLC